## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| RUTH A. JOHNSON, | ) | CASE NO. 1:13 CV 1749 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| | ) | MAGISTRATE JUDGE NANCY VECCHIARELLI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Vecchiarelli. The Report and Recommendation (ECF #18), issued on May 22, 2014, is hereby ADOPTED.

### Procedural History

On September 9, 2010, Plaintiff filed an application for Period of Disability ("POD") and Disability Insurance Benefits ("DIB"), alleging her disability started on October 1, 2005. (ECF #13). Plaintiff's application was denied initially and on reconsideration. *Id.* Subsequent to her application being denied, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On January 31, 2012, an ALJ conducted a hearing, in which Plaintiff was represented by counsel. *Id.* On March 6, 2012, the ALJ found that Plaintiff was not disabled. *Id.* On June 14, 2013, the Appeals Council declined to review the ALJ's decision, making it the Commissioner's final decision. *Id.*

1

Plaintiff filed her Complaint with this Court on August 12, 2013, challenging the final decision of the Commissioner. (ECF #1). In her complaint, Plaintiff asserts that substantial evidence does not support the ALJ's decision in this case because: (1) the ALJ failed to find that Plaintiff's right arm impairment was severe and failed to include restrictions related to her arm/hand impairment in the RFC; and, (2) the ALJ erred in failing to obtain the testimony of a medical expert at Plaintiff's hearing. *Id.* On May 22, 2014, Magistrate Judge Vecchiarelli issued her Report and Recommendation. (ECF #18). The Magistrate Judge found the ALJ's decision to be supported by substantial evidence. Plaintiff then filed her Objections to the Report and Recommendation, (ECF #19), and the Commissioner filed a response to Plaintiff's Objections. (ECF #20).

Standard of Review

The applicable standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Because objections were filed, this Court has reviewed the case de novo.

The standard of review for a decision of the Commissioner of Social Security is limited to whether the decision is supported by substantial evidence. *See Smith v. Secretary of Health and Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). "Substantial evidence exists when a reasonable

2

mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (citation omitted).  Review must be based on the record as a whole. *Heston v. Comm'r of Soc. Sec.* 245 F.3d 528, 535 (6th Cir. 2001).  The court does not review the evidence *de novo*, make credibility determinations, or weigh the evidence. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).  However, the court may look into any evidence in the record to determine if the ALJ's decision is supported by substantial evidence, regardless of whether it has actually been cited by the ALJ. *Id.*

## Medical History

The medical history and other evidence relevant to Plaintiff's disability claim has been thoroughly and accurately set forth in Magistrate Judge Vecchiarelli's  Report and Recommendation and is adopted and incorporated in this opinion as if re-written.

## Analysis

A claimant is entitled to receive benefits under the Social Security Act when she establishes disability within the meaning of the Act. 20 C.F.R. § 416.905; *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524 (6th Cir. 1981).  A claimant is considered disabled when she cannot perform "substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period not less than 12 months." 20 C.F.R. § 416.905(a).  The Commissioner reaches a determination as to whether a claimant is disabled by way of a five stage-process, which was correctly stated in the Report and Recommendation and is adopted and incorporated as if re-written.

3

The ALJ determined that Plaintiff had suffered severe impairments including, degenerative disc disease of the lumbar spine and bulging/herniated discs in cervical spine status post anterior cervical diskectomy and fusion, bursitis right shoulder with bronchial plexitis, right rotator cuff tendinopathy, headaches, post traumatic stress disorder, and depression. (ECF #16). However, the ALJ concluded that Plaintiff's right arm impairment was not a severe impairment.

Plaintiff asserts that substantial evidence does not support the ALJ's decision in this case because: (1) the ALJ failed to find that Plaintiff's right arm impairment was severe and failed to include sufficient restrictions related to her right arm/hand impairment in the RFC; and (2) the ALJ erred in failing to obtain the testimony of a medical expert at Plaintiff's hearing. The Commissioner argues that substantial evidence supports the ALJ's decision in this matter.

A.    Right Hand/Arm Pain

Plaintiff points to no medical evidence establishing that her right hand and arm pain interfered with her ability to perform basic work activities beyond the extent determined by the ALJ. Further, the ALJ determined that Plaintiff's testimony regarding the severity of the limitations resulting from her right arm and hand pain was not credible. The medical evidence demonstrated that, other than undergoing a surgical procedure for her back pain, Plaintiff received conservative treatment from her physicians, who frequently observed that Plaintiff was doing well and had excellent range of motion and strength in her upper extremities. No medical evidence or testing reflected the severity of impairment reported by Plaintiff. Further, no medical professional limited Plaintiff in her ability to work or concentrate. Therefore, the ALJ's decision regarding Plaintiff's right arm impairment was supported by substantial evidence.

4

B.     Medical Expert Testimony

Plaintiff also contends that the ALJ erred by failing to obtain the testimony of a medical expert at the administrative hearing.  Specifically, Plaintiff contends that, by failing to obtain such testimony, the ALJ "made a medical determination despite his lack of training, expertise and licensing as a medical professional." (ECF #14).  However, it is not the ALJ's burden to gather testimony and evidence in order to make a more informed decision regarding Plaintiff's disability status.  It is the claimant's responsibility to provide an adequate record upon which the ALJ can make an informed decision regarding the claimant's disability status, *see Landshaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986).  "An ALJ has discretion to determine whether further evidence, such as additional testing or expert testimony, is necessary." *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001).  However, the ALJ is not required to seek out information to support the Plaintiff's claim.

In this case, Plaintiff does not articulate any reason why additional medical expert testimony would have been necessary.  She does not allege that the medical evidence was incomplete, ambiguous or inconsistent. *See* 20 C.F.R. § 1519(a)(b)(4) (describing the circumstances under which the agency may request a consultative examination).  Further, the administrative record reflects that Plaintiff was represented by counsel at her administrative hearing.  Therefore, there is no basis to conclude that the ALJ abused his discretion when he failed to obtain the testimony of a medical expert.

## Conclusion

This Court has reviewed  Magistrate Judge Vecchiarelli's Report and Recommendation *de novo*, considering Plaintiff's objections.  Following a thorough evaluation of the record, this

Court adopts Magistrate Judge Vecchiarelli's findings of fact and conclusions of law as its own.

Magistrate Judge Vecchiarelli thoroughly and exhaustively reviewed the case, and properly found the ALJ's decision to be supported by substantial evidence.  Plaintiff's objections raised no issues that had not previously been addressed in Magistrate Judge Vecchiarelli's Report and Recommendation.  The Report and Recommendation (ECF #18) is hereby ADOPTED.  The Commissioner's decision denying Plaintiff's application for Period of Disability and Disability Insurance Benefits is AFFIRMED.

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: July 11, 2014

6